FILED
CLERK, U.S. DISTRICT COURT

12/18/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-CR-00754-SVW |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 371: Conspiracy to Tout Securities for Undisclosed Compensation] |
| ADAM LEVIN, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 371]

A.  INTRODUCTORY ALLEGATIONS

  1.  At times relevant to this Information:

  Background

    a.  Palm Beach Venture was a subscription investment newsletter operating in Florida, Georgia, and elsewhere. Palm Beach Venture had subscribers located throughout the United States, including in Los Angeles County, and communicated with those subscribers through interstate wire communications.

b. Palm Beach Venture published promotional pieces for offerings of securities, including securities traded "over-the-counter" ("OTC"), i.e., lower-priced, illiquid securities traded not on public exchanges but instead through "market makers," as well as unregistered securities offered pursuant to Regulation A of the Securities Act of 1933 ("Regulation A"), which permitted the offering and sale of certain securities to the public under more limited disclosure requirements than would traditionally be required for publicly reporting companies.

c. Pursuant to Section 17(b) of the Securities Act of 1933 (15 U.S.C. § 77q(b)), those who received consideration directly or indirectly from an issuer for publishing, giving publicity to, or circulating any advertisement or communication that describes the issuer's security offered for sale were required fully to disclose the consideration received.

d. Subscribers to Palm Beach Venture made up a significant percentage of funds raised through offerings described and promoted by Palm Beach Venture.

Defendant, Conspirators, and Relevant Entities

e. Defendant ADAM LEVIN was a resident of Los Angeles and the founder and Chairman of the Board of Hightimes Holding Corporation ("Hightimes"), a Delaware corporation with a principal place of business in Los Angeles.

f. Hightimes owned and operated High Times, a media company and brand devoted to cannabis and related topics.

g. Hightimes was qualified by the United States Securities and Exchange Commission ("SEC") to conduct a securities offering under Regulation A from March 2018 until June 2020, though

2

it actually offered securities under Regulation A through December 2022.

   h. Hightimes raised approximately $36,000,000 through its Regulation offering.

   i. Coconspirator Jonathan William Mikula, also known as ("aka") "William Mikula," was a resident of Woodstock, Georgia, and worked as an analyst for Palm Beach Venture. As an analyst for Palm Beach Venture, Mikula influenced and determined which securities offerings Palm Beach Venture would describe and promote and drafted such descriptions and promotions.

   j. Coconspirator Christian Fernandez, aka "Christian Crockwell," was a resident of Smyrna, Georgia, and a business and personal associate of coconspirator Mikula.

   k. Coconspirator D.L. was an attorney and resident of Ontario, Canada, who created and administered a sham entity, 2749960 Ontario LTD, whose purpose was to conduct international financial transactions to receive the criminal proceeds of the conspiracy in Canada and then forward those proceeds to entities and accounts in Mexico and the United States.

   l. Coconspirator Amit Raj Beri, aka "Raj Beri," was a resident of West Hollywood, California, and Florida, and was Chief Executive Officer ("CEO") of a Delaware corporation with a principal place of business in Beverly Hills, California.

   m. Coconspirator S.B. was a resident of Truckee, California. Coconspirator S.B. was also the founder and CEO of a Delaware corporation doing business in Miami, Florida; San Mateo, California; and elsewhere (the "Miami Issuer").

   n. The Miami Issuer first qualified to conduct a Regulation A offering in or around July 2020 and offered securities under that qualification thereafter in 2020 and 2021.

  Promotion of Issuers

   o. Defendant LEVIN, along with coconspirators Mikula, Fernandez, Beri, S.B., and others known and unknown, knew and understood that placement in Palm Beach Venture provided issuers with a valuable avenue of exposure to potential investors.

   p. Palm Beach Venture promoted Hightimes between in or around April 2020 and in or around August 2021. Hightimes raised at least $20 million in investor funds during that period, with approximately $6 million of that amount associated with Palm Beach Venture's promotion.

   q. Palm Beach Venture promoted the Miami Issuer on or around September 8, 2020, which resulted in raising approximately $30 million in investor funds.

B. OBJECT OF THE CONSPIRACY

  2. Beginning no later than in or about February 2020, and continuing through at least in or about August 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant LEVIN, along with coconspirators Mikula, Fernandez, Beri, and D.L., conspired with one another and others known and unknown, knowingly and willfully, by the use of the means and instruments of transportation and communication in interstate commerce, to commit an offense against the United States, namely, to publish, give publicity to, and circulate notices, circulars, advertisements, articles, letters, investment services, and communications which, though not purporting to offer securities for sale, described such securities

for a consideration received and to be received, directly and indirectly, from issuers without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof, in violation of Title 15, United States Code, Sections 77q(b) and 77x.

C.    MANNER AND MEANS OF THE CONSPIRACY

3.    The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

a.    Knowing that placement within and promotion by Palm Beach Venture permitted securities issuers to reach additional investors and raise additional funds, and knowing that Palm Beach Venture would make the materially misleading representation that neither it "nor its affiliates receive compensation for bringing this deal to you," coconspirator Mikula would agree to write and place articles and other promotional pieces regarding the securities of specific issuers (the "Collusive Issuers") on the understanding and agreement that such issuers and their associates would pay undisclosed direct and indirect compensation to him, coconspirators Fernandez, Beri, and D.L., and others.

b.    In exchange for coconspirator Mikula's promotion and touting of Hightimes and its Regulation offering through Palm Beach Venture, defendant LEVIN would pay and cause Hightimes to pay $150,000 in undisclosed compensation to coconspirators Mikula, Fernandez, Beri, D.L., and others.

c.    In exchange for coconspirator Mikula's promotion and touting of the Miami Issuer and its Regulation offering through Palm Beach Venture, coconspirator S.B. would pay and cause the Miami

Issuer to pay undisclosed compensation to coconspirators Mikula, Fernandez, Beri, D.L., and others.

       d.    To promote the conspiracy and disguise the source, purpose, and nature of the illegal payments, defendant LEVIN, along with coconspirators Mikula, Beri, D.L., S.B., and others, would arrange for coconspirators Fernandez, Beri, and D.L. to receive compensation on coconspirator Mikula's behalf.  Coconspirators Fernandez and D.L. would then transfer those funds through a series of domestic and foreign bank accounts before returning a portion of the funds to coconspirator Mikula through nominee bank transactions, cash withdrawals, disguised check payments and wire transfers, and gifts, including luxury items such as a Range Rover automobile.

       e.    Coconspirators Fernandez, D.L., and others would open, form, and operate a series of domestic and foreign business entities and bank accounts for the purpose of receiving the payments generated by the conspiracy and concealing the nature, location, source, ownership, and control of those payments.  In exchange, coconspirator Fernandez would take a significant percentage -- sometimes half -- of these funds.

       f.    Also in exchange for coconspirator Mikula's touting of Hightimes through Palm Beach Venture, defendant LEVIN would provide additional undisclosed and indirect compensation in the form of lavish meals, beverages, and entertainment worth tens of thousands of dollars to coconspirators Mikula, Fernandez, Beri, and others.

4.    Defendant LEVIN was able to raise approximately $6 million of investor funds through securities offerings described and promoted by Palm Beach Venture without required disclosures that such

promotions had been obtained through direct and indirect compensation to coconspirator Mikula and others.

D. OVERT ACTS

5. On or around the dates set forth below, in furtherance of the conspiracy, and to accomplish its object, defendant LEVIN, together with coconspirators Mikula, Fernandez, Beri, D.L., S.B., and others, committed and willfully caused others to commit, the following overt acts, among others, within the Central District of California and elsewhere:

Overt Act No. 1: On April 3, 2020, defendant LEVIN and coconspirator D.L. entered into a "Marketing Agreement" by which "2749960 Ontario Ltd." purported to agree to provide "marketing services to Hightimes Holding Corp."

Overt Act No. 2: On April 6, 2020, in consideration for the funds defendant LEVIN had committed to funnel through coconspirators Fernandez, Beri, D.L., and others to coconspirator Mikula, coconspirator Mikula caused Palm Beach Venture to promote Hightimes's Regulation A offering, which promotion included the materially false representation that "Neither the Palm Beach Research Group nor its affiliates receive compensation for bringing this deal to you."

Overt Act No. 3: On August 30, 2020, in a text message, coconspirator Fernandez informed defendant LEVIN of "another push" for Hightimes in Palm Beach Venture, with "September 7th" as the targeted date, to which defendant LEVIN responded, "Yesss."

Overt Act No. 4: On August 31, 2020, in response to coconspirator Fernandez's request that defendant LEVIN wire funds in consideration for the upcoming promotion of Hightimes, defendant LEVIN text-messaged a screenshot of a bank confirmation for an

international bank wire of $100,000 from an account controlled by defendant LEVIN in the United States to a bank in Ontario, Canada.

<u>Overt Act No. 5</u>:  On September 2, 2020, in a text message, coconspirator Fernandez wrote to defendant LEVIN, "Amigo you owe $150 not $100 Porfavor It's almost 7th."

<u>Overt Act No. 6</u>:  On September 3, 2020, after additional text messages between coconspirator Fernandez and defendant LEVIN about whether defendant LEVIN's wire for $100,000 into an account in Ontario, Canada, had cleared, defendant LEVIN sent coconspirator Fernandez an additional text-message verification of that bank wire, to which coconspirator Fernandez responded, "Once is clear I will tell them the green light for Hightimes push."

<u>Overt Act No. 7</u>:  On September 3, 2020, in consideration for Palm Beach Venture's promotion of Hightimes, defendant LEVIN caused Hightimes to wire $100,000 to 2749960 Ontario Ltd.

<u>Overt Act No. 8</u>:  On September 22, 2020, in a text message exchange, coconspirator Fernandez told defendant LEVIN, "We are writing about cannabis this week an update and we want HT to be part of this as recommended for the readers.  Once [your payment] clears I'll let you know," to which defendant LEVIN responded, "K," and then, after coconspirator Fernandez confirmed "funds seem reflected," defendant LEVIN responded, "Yessss."

<u>Overt Act No. 9</u>:  On September 22, 2020, defendant LEVIN caused Hightimes to wire $25,000 to 2749960 Ontario Ltd. in furtherance of the criminal conspiracy and in consideration for Palm Beach Venture's promotion of Hightimes.

<u>Overt Act No. 10</u>:  On September 23, 2020, coconspirator Mikula caused Palm Beach Venture to promote the Hightimes's Regulation A

8

offering, which promotion included the materially false representation that "Neither the Palm Beach Research Group nor its affiliates receive compensation for bringing this deal to you."

<u>Overt Act No. 11</u>:  On October 16, 2020, in consideration for Palm Beach Venture's promotion of Hightimes, defendant LEVIN caused Hightimes to wire $25,000 to 2749960 Ontario Ltd.

E. MARTIN ESTRADA
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

BRETT A. SAGEL
Assistant United States Attorney
Chief, Corporate and Securities
   Fraud Strike Force

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Corporate and
   Securities Fraud Strike Force

ADAM P. SCHLEIFER
Assistant United States Attorney
Corporate and Securities Fraud
   Strike Force

9