TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ALEXANDRA MICHAEL (Cal. Bar No. 360494)
Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3756
Facsimile: (213) 894-0141
E-mail: Alexandra.Michael@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ADAM LEVIN,

Defendants.

No. 2:24-CR-00754-SB

GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ADAM LEVIN

Sentencing Date: May 5, 2026
Hearing Time: 8:00 am
Location: Courtroom of the Hon. Stanley Blumenfeld Jr.

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexandra M. Michael, hereby files its sentencing position for defendant Adam Levin.

///

///

///

The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and any other evidence or argument that the Court may permit.

Dated: April 21, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

*/s/*
ALEXANDRA M. MICHAEL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

From around 2020 to around August 2021, defendant Adam Levin ("defendant") agreed with his coconspirators to pay, both indirectly and directly, for publications that promoted Hightimes Holding Corp. in articles, letters, investment services, and communications related to securities with an advisory which stated that such publications were made without receiving consideration. In doing so, Levin and his coconspirators violated Section 17(b) of the Securities Act of 1933, which requires that those who receive consideration directly or indirectly from an issuer for publishing, giving publicly to, or circulating any advertisement or communication that describes the issuer's security offered for sale are required to fully disclose the consideration received. As a result of these publications, victims invested in Hightimes Holding Corp. Specifically, during the promotion period, Hightimes raised approximately $20 million from more than 10 investor victims, with at least $6 million in investment proceeds associated with Palm Beach Ventures promotion.

As a result of the scheme, defendant paid a total of $180,000 in undisclosed monetary compensation and caused an actual loss to 16 victim investors of approximately $143,537.

Based on this conduct, on February 11, 2025, defendant pleaded guilty to a single-count information, which charged him with Conspiracy to Tout Securities for Undisclosed Compensation, in violation of 18 U.S.C. § 371 and 15 U.S.C. §§ 77q(b), 77x. ("Plea Agreement").

The government agrees with the final presentence report ("PSR") and its calculation of the advisory sentencing guidelines. The

government respectfully requests that the Court sentence defendant to: (1) a low-end sentence of 24 months' imprisonment; (2) a three-year period of supervised release; (3) $143,537.00 in restitution; and (4) the mandatory $100 special assessment. Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

## II. SENTENCING GUIDELINES

### A. Offense Level

In the PSR, the Probation Officer calculated a total offense level of 17 and a Criminal History Category of I. The Probation Officer's offense level calculation is as follows:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss $150,000-$250,000 | +10 | U.S.S.G. § 2B1.1(b)(1)(F) |
| 10 or more victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |
| Sophisticated means | +2 | U.S.S.G. § 2B1.2(b)(10)(C) |
| Obstructing and Impeding | +2 | U.S.S.G. § 3C1.1 |
| Acceptance: | -3 | U.S.S.G. § 3E1.1(a) |
| Zero-Point | -2 | U.S.S.G. § 4C1.1 |
| TOTAL | 17 | |

(PSR ¶¶ 40-53.) The government agrees with all of the PSR's calculations.

### B. Criminal History

The government agrees with the PSR's calculation of defendant's criminal history category as I, based on zero criminal history points. (PSR ¶¶ 59-60.)

**C. Sentencing Guidelines Range**

With a total offense level of 17 and a criminal history category of I, the Sentence Guidelines range is 24 to 30 months of imprisonment.

**III. GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully recommends that the Court sentence defendant to (1) a low-end sentence of 24 months' imprisonment; (2) a three-year term of supervised release; (3) $143,537.00 in restitution; and (4) the mandatory $100 special assessment.

**A. Analysis Under 18 U.S.C. § 3553(a)**

The Court must consider the nature, circumstances, and seriousness of the offense in fashioning an appropriate sentence. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). Here, the government's proposed sentence reflects the seriousness of defendant's crimes.

The need for general deterrence also supports a 24-month term. "Because economic and fraud-based crimes are 'more rational, cool, and calculated than sudden crimes of passion or opportunity,' these crimes are 'prime candidate[s] for general deterrence.'" See United States v. Martin, 455 F.3d 1227, 1240 (11th Cir. 2006) (citation omitted). A custodial sentence is necessary to deter defendant and others who would engage in similar conduct, to protect the public, and promote respect for the laws governing financial crimes.

The government acknowledges that there are mitigating factors that exist in defendant's personal history and characteristics. Defendant experienced an unstable living environment at certain points during his childhood and reported struggling with substance abuse and mental health issues. Defendant has expressed an interest in seeking treatment for substance abuse. (Id. ¶¶ 66-87.)

The government believes that a low-end sentence of 24 months of imprisonment would be sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

**B. Defendant Should Pay $143,537 in Restitution**

In the plea agreement, defendant agreed that he will be required to pay full restitution to the victims of the offense. (Plea Agreement ¶ 6.) The restitution details are set forth in the PSR (¶120) and restitution should be paid to the individual victims for their losses. (PSR ¶120.)

**IV. CONCLUSION**

For the foregoing reasons, the government recommends that the defendant be sentenced to: (1) a low-end sentence of 24 months' imprisonment; (2) a three-year period of supervised release; (3) $143,537 in restitution; (4) and the mandatory $100 special assessment. Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553.